IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **TAYLER MONIC PAGE,** *et al.* | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:22-cv-11-JDK-KNM** |
| | § | |
| **WANDA DURHAM,** *et al.* | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tayler Monic Page initiated the above-styled lawsuit seeking relief pursuant to 42 U.S.C. §§ 1983 and 1988.  The case is referred to the undersigned pursuant to 28 U.S.C. § 636. Before the Court is Defendants' Collier, Burrow, Bryant, Carter, Linthicum & Hanson's Motion to Dismiss Plaintiffs' Amended Complaint (ECF 23). Having reviewed and considered the motion and response, the Court recommends that the motion be **GRANTED**.

**Background**

In the Second Amended Complaint (ECF 12), Plaintiffs Tayler Page, as a surviving child, and Wanda Durham, as administrator of the Estate of Billy Lee Page, assert §§ 1983 and 1988 claims against Defendants Texas Department of Criminal Justice ("TDCJ"), Bryan Collier, Dr. Lanette Linthicum, Dr. Rodney Dale Burrow, Stephen Bryant, former warden Christopher Carter, former warden Alfonso Castillo and Shelly Hanson.  Plaintiffs state that, during his incarceration, Billy Lee Page ("Page") experienced abnormal bleeding.  The bleeding allegedly started in August 2007 while Page was incarcerated at the Allred Unit.  Plaintiffs submit that Page submitted sick call requests, but he was "refused proper medical care, diagnosis, or treatment for his symptoms for ten (10) years."[1]  Plaintiffs assert that Page received unit transfers during that time, but he still

---

[1] Second Amended Complaint, ECF 12, at *5.

did not receive medical treatment until 2017.  According to Plaintiffs, "Page's condition worsened and deteriorated for years without proper care and treatment."[2]

Plaintiffs submit that Page was diagnosed with stage IV colon cancer on December 28, 2017.  His treatment plan at UTMB Galveston allegedly included surgery, chemotherapy and radiation.  Plaintiffs allege that Page was discharged from the hospital and sent to the Estelle Unit contrary to his physician's recommendation.  Plaintiffs contend that prison officials failed to provide prescribed medication and treatment and assigned him to a floor and bunk that was contrary to a doctor's order of no stairs.  Plaintiffs complain that Page was paroled in August 2018 and sent home via ambulance without pain medication, chemotherapy, radiation or a treatment plan. According to Plaintiffs, Page passed away on August 30, 2018, shortly after arriving home on parole.

Defendants Collier, Burrow, Bryant, Carter, Linthicum and Hanson filed a joint motion to dismiss the second amended complaint (ECF 23).  Defendants previously filed separate motions (ECF 21 and 22) before filing the combined, superseding motion to dismiss.  Defendants seek dismissal for lack of jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6).  Defendants assert that sovereign immunity shields them from any claims brought against them in their official capacities.  They also assert that Plaintiffs' claims are barred by the statute of limitations, Plaintiffs failed to allege facts showing personal involvement by any defendant in a constitutional violation, they are entitled to qualified immunity, Plaintiffs have not alleged facts showing a capacity to sue on behalf of the estate, and Plaintiffs failed to join indispensable parties including other heirs.

---

[2] *Id.*

In response, Plaintiffs state that the suit is only brought against Defendants in their individual capacities and not their official capacities.  Concerning the statute of limitations, Plaintiffs assert:

> This suit was in fact filed again on January 12, 2022.  Yet the Plaintiff in this case is the daughter of Billy Page.  Her date of birth is January 15, 2002.  Plaintiff would show that the lawsuit was tolled until October 2022, when Billy Page's daughter Tamia Adrianna Ester turns 20 years old.  Therefore, the statute of limitations had not expired when the suit was re-filed.

Plaintiffs' Response to Motion to Dismiss, ECF 26, at *4.    Additionally, Plaintiffs contend that Page "died purely as a result of the actions of the Defendants" because they were deliberately indifferent to his serious medical needs.  *Id*.  Plaintiffs argue that Defendants let Page "go through his prison sentence with no treatment" and they deny that qualified immunity is proper under these circumstances.  *Id*.  Defendants did not file a reply.

In addition to filing their response to the motion to dismiss, Plaintiffs filed a motion seeking leave to file a Third Amended Complaint (ECF 29).  Plaintiffs state that they wish to amend the complaint to add clarity.  The proposed amendment does not add any additional factual allegations (ECF 28).  Instead, Plaintiffs seek to identify three causes of action: (1) cruel and unusual punishment pursuant to the 4th, 8th and 14th Amendments of the Constitution; (2) a § 1983 claim for indifferent policies, practices, customs, training, and supervision in violation of the 4th, 8th and 14th Amendments; and (3) wrongful death and survivor action claims under Texas law.

The individual defendants filed a response opposing the leave to amend as futile (ECF 30).  Alternatively, Defendants assert that the same grounds for dismissal already raised are applicable to the third amended pleading.

## Applicable Law

In response to a motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1), the burden is on the plaintiff as the party asserting jurisdiction to establish that

jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998).

When considering a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010); *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S.Ct. 1955, 1965–66 n. 5 (2007). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964–65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). "[W]here well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

**Discussion and Analysis**

*Sovereign Immunity*

The individual defendants each assert sovereign immunity for the claims against them in their official capacities. The second amended complaint states that the individual defendants are sued in their official and individual capacities.[3] In response to the motion to dismiss, however, Plaintiffs now avow that "this suit was intended to be filed against the Defendants in their individual capacities."[4] Plaintiffs do not oppose dismissal of all claims against Defendants in their official capacities. As such, the motion to dismiss the official capacity claims for lack of subject matter jurisdiction should be granted.

*Failure to State a Claim*

Defendants also seek dismissal for failure to state a claim. Section 1983 states that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. Section 1983 suits may be used to sue a state employee using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410-11 (5th Cir. 1980). To maintain a civil rights lawsuit, a plaintiff must show an abuse of governmental power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986).

Plaintiffs allege that Defendants acted with deliberate indifference to Page's serious medical needs. Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105–107, 97 S.Ct. 285 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). In *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970 (1994), the Supreme Court noted that

---

[3] *Id*. at 3–4.
[4] Plaintiffs' Response to Motion to Dismiss of Defendants Collier, Burrow, Bryant, Carter, Hanson & Linthicum, ECF 26, at *4.

deliberate indifference involves more than just mere negligence. The Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

In *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), the Fifth Circuit discussed the high standard of showing deliberate indifference:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. Furthermore the decision whether to provide additional treatment "is a classic example of a matter of medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

To state a claim for relief pursuant to 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendant's personal involvement in the deprivation of a constitutional right. *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Supervisory officials are not liable for the acts of subordinates on any theory of vicarious liability under § 1983. *Id.* Establishing liability on a supervisory official requires showing that the official affirmatively participated in the act causing the constitutional deprivation or that the official implements unconstitutional policies that causally resulted in the constitutional injury. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (quoting *Gates*, 537 F.3d at 435).

Here, the second amended complaint does not allege any facts showing that any of the individual defendants participated in Page's medical care, participated in any medical decisions or implemented any unconstitutional policies that caused injury. Instead, the named individual defendants are identified as supervisory officials: the Executive Director of TDCJ, the Director of the Health Services Division of TDCJ, the Chair of the Correctional Managed Healthcare Committee, the Regional Director of the Corrections Institutional Division, two senior wardens, and the Facility Health Service Administrator. Plaintiffs assert that each defendant in their supervisory role had a responsibility to ensure Page's care and respond to his and the family's requests for aid. However, wardens and Health Services administrators, for example, are not liable for an alleged failure to intervene in medical treatment. *See Cuoco v. Moritsugu*, 222 F.3d 99, 111 (2nd Cir. 2000). Plaintiffs do not allege any facts in the second amended complaint stating a viable claim against the individual defendants based on personal involvement in a constitutional violation. The claims against the individual defendants should therefore be dismissed with prejudice pursuant to Rule 12(b)(6) without reaching the remaining grounds for dismissal.

*Motion to Amend*

Endeavoring to avoid dismissal, Plaintiffs filed their motion seeking leave to plead their claims a fourth time in a third amended complaint on the same day they responded to the motion to dismiss. "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795 (1971). Leave should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). It "is by no means automatic," however, that a court will grant leave to amend. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Factors that may be considered include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and

futility of the amendment." *Id*.   An amendment is futile if it would not survive a Rule 12(b)(6)

motion. *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003).

　　Here, the proposed amendment does not include any additional facts.  Instead, the only

addition to the pleading is a new section outlining the causes of action.  Count 1 restates Plaintiffs'

conclusory assertion that "high ranking TDCJ staff members decided to send Billy Page home

from prison rather than keep him and treating his cancer."[5]  There are no factual allegations

concerning the individual defendants.  Count 2 alleges that Collier, as Executive Director of TDCJ,

was a policymaker for TDCJ who "established policies, procedures, customs, and/or practices" for

TDCJ.[6]  In a conclusory fashion, Plaintiffs allege that TDCJ, under Collier's direction, "developed

and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference

to the constitutional rights of citizens, which were moving forces behind and proximately caused"

the alleged constitutional violations.[7]  Plaintiffs additionally offer conclusory statements that a

need for specialized training and supervision was "obvious," without including any factual

allegations showing an individual defendant's personal involvement in actions or policies that

caused injury.  These counts offer nothing more than labels and conclusions that would not survive

a Rule 12(b)(6) motion to dismiss. *Norris v. Hearst T.R.*, 500 F.3d 454, 464 (5th Cir. 2007).

　　The proposed amendment additionally seeks to add state law wrongful death and survival

action claims.  When a district court dismisses the claims over which it had original jurisdiction,

it may decline to exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C.

§ 1367(c)(3).  It is not mandatory, but courts generally should "decline to exercise jurisdiction over

remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire*

*Bros. Holding, Inc. v. Dayco Products, Inc*. 554 F.3d 595, 602 (5th Cir. 2009), *cert. denied*, 557

---

[5] Plaintiffs' Third Amended Complaint, ECF 28, at *7.
[6] *Id*. at *9.
[7] *Id*.

U.S. 936, 129 S.Ct. 2865 (2009). With a dismissal of the § 1983 claims against the individual

defendants, the applicable common law considerations of judicial economy, convenience, fairness,

and comity favor a decision to decline the exercise of supplemental jurisdiction. *Id*. (citing

*Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). For all of these reasons, amendment is

futile and the motion to amend should be denied.

## **RECOMMENDATION**

It is accordingly recommended that the Motions to Dismiss (ECF 21, 22, and 23) be granted

such that the claims against the individual defendants in their official capacities are dismissed

without prejudice for lack of subject matter jurisdiction and the claims against the individual

defendants in their individual capacities are dismissed with prejudice for failure to state a claim.

The Motion for Leave to Amend Complaint (ECF 29) should be denied.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and

file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. §

636(b). Written objections shall not exceed eight pages. Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and

recommendations contained in this Report shall bar that party from *de novo* review by the district

judge of those findings, conclusions and recommendations and, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn*., 79 F.3d 1415,

1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)

(extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 12th day of January, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

9