IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TAYLER MONIC PAGE, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 6:22-cv-11-JDK-KNM |
| BRYAN COLLIER, et al., | § § § | |
| Defendants. | § § § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiffs Tayler Monic Page and Wanda Durham bring this civil rights lawsuit under 42 U.S.C. §§ 1983 and 1988. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. Before the Court is Defendants Rodney D Burrow, Stephen Bryant, Christopher Carter, Bryan Collier, Shelly Hanson, and Lanette Linthicum, and Shelly Hanson's motions to dismiss (Docket Nos. 21, 22, 23) and Plaintiffs' motion for leave to amend their complaint (Docket No. 29).

On January 12, 2023, Judge Mitchell issued a Report and Recommendation recommending that the Court grant Defendants' motions to dismiss, deny Plaintiffs' motion for leave to amend, and dismiss Plaintiffs' claims against the individual defendants in their official capacities without prejudice for lack of subject matter jurisdiction and dismiss Plaintiffs' claims against the individual defendants in their individual capacities with prejudice for failure to state a claim. Docket No. 32.

Plaintiffs filed a motion to reinstate (Docket No. 34), which the Court will construe as objections to the Report.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiffs' objections do not oppose the dismissal of the claims against the individual defendants in their official capacities. As to their individual capacities, Plaintiffs reassert the allegations that Billy Page was denied proper medical care during his incarceration and that he was released on parole in 2018, shortly before his death, without medication or a treatment plan. But neither the pleadings nor the objections assert the personal involvement of any Defendant in a constitutional injury.

Plaintiffs are suing supervisory officials, but they have not alleged facts that would show that any Defendant participated in medical care decisions for Billy Page, that there is a causal connection between any Defendant's conduct and a constitutional violation, or that any Defendant implemented any unconstitutional policies that caused a constitutional violation. *See Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987); *see also Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). To

survive a motion to dismiss, Plaintiffs must include sufficient factual allegations, beyond labels and conclusions, that show a plausible claim to relief. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs also seek another opportunity to amend the complaint. The proposed third amended complaint (Docket No. 28), however, does not offer any additional factual allegations and relies on the same conclusory statements found in the previous pleadings. Without factual allegations to show the personal involvement of the named Defendants or the implementation of a policy that caused a constitutional violation, Plaintiffs cannot survive a Rule 12(b)(6) motion to dismiss and amendment is futile. *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiffs' objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 32) as the opinion of the District Court.

The Court **GRANTS** Defendants' motions to dismiss (Docket Nos 21, 22, 23). Plaintiffs' claims against the individual defendants in their official capacities are **DISMISSED** without prejudice for lack of subject matter jurisdiction. Plaintiffs' claims against the individual defendants in their individual capacities are **DISMISSED** with prejudice for failure to state a claim. The Court **DENIES** Plaintiffs' motion for leave to amend their complaint (Docket No. 29).

The only remaining defendant is Texas Department of Criminal Justice. On January 12, 2023, the Court entered a show cause order directing Plaintiffs to show cause within ten days why the claims against this Defendant should not be dismissed without prejudice for failure to timely effect service. Docket No. 31. Plaintiffs did not respond. Accordingly, Plaintiffs' claims against Texas Department of Criminal Justice are therefore **DISMISSED** without prejudice.

So **ORDERED** and **SIGNED** this **27th** day of **February, 2023.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE